DEAN v. THE STATE, 2 Smedes & Marshall, 200.

### LARCENY.

The mayor of the city of Vicksburg is authorized by the charter to take recognizances of persons, to appear before the circuit court, to answer for offenses with which they stand charged.

No particular form of words is required for the validity of a recognizance, provided it contains the essential requisites of such an instrument. A recognizance requiring the party to appear before "the judge" of the circuit court, etc., is sufficient. If it set forth sufficiently the cause for which it was taken, it need not describe specifically the circumstances of the offence.

Where the principal in a recognizance was recognized to appear in the sum of fifteen hundred dollars, and his two sureties in the sum of seven hundred and fifty dollars each, it is error to render joint judgment against the sureties for fifteen hundred dollars; the judgment should have been against each for seven hundred and fifty dollars. A suggestion to the high court of errors and appeals, that the principal in the recognizance, against whom the judgment was rendered in the court below, was dead before the judgment was rendered, cannot be inquired into by that tribunal.

Error to the circuit court of Warren county.

On the 14th day of August, 1840, M. C. Folkes, as mayor of Vicksburg, took the recognizance of N. J. Dean, as principal, and of David Dean and J. H. Vannoy as sureties, the former in the sum of 1500, and the latter in the sum of $750 each, conditioned for the appearance of said N. J. Dean "before the judge" of the circuit court of Warren county, at the court house thereof, on the third Monday of October following, to answer the charge of feloniously taking, stealing, etc., about the 3d day of August, 1840, in the town of Canton in Madison county, State of Mississippi, of about $200 in bills or notes of sundry banks, the property of etc., as appears on record in the said Mayor's court, etc.

Afterward, on the 12th day of November, 1840, in and by the circuit court of Warren county, a judgment *nisi* was rendered against David Dean and J. H. Vannay, the sureties, and a *scire facias* ordered to be issued. At the same term defendants moved to quash the recognizance. 1st, Because it requires the appearance of N. J. Dean "before the judge" of the circuit court of Warren county. 2d. Because it requires the appearance of Dean in Warren county to answer to an offense charged therein to have been committed in Madison county. The motion was overruled.

To this ruling of the court, exceptions were taken; the bill of

exceptions setting out substantially, that on the 24th of April, 1841, a motion was made by said sureties, on whom *scire facias* had been served, to quash the recognizance and *scire facias;* because,

1. Said recognizance requires N. J. Dean to appear to answer the court of Warren county for an offense stated to have been committed in the county of Madison.

2. It requires the appearance of N. J. Dean "before the judge" of the circuit court of Warren county.

3. There is no judgment *nisi* upon the recognizance, on which a *scire facias* could or ought to have been issued, commanding said sureties to appear, etc.

On the hearing of said motion, the recognizance, the *scire facias* and the indictment were submitted, and which was all the proof before the court on said hearing. This motion was overruled, and judgment rendered on the *scire facias* against David Dean and J. H. Vannay, as follows, to wit: It is considered by the court, that the State of Mississippi have execution against the goods and chattels, lands and tenements of the said David Dean and the said J. H. Vannay, for the sum of fifteen hundred dollars, etc., and costs, etc.

The errors assigned are,

1. The court erred in overruling the motion to quash the *scire facias* and recognizance.

2. The recognizance was not taken by one having legal authority to do so.

3. The recognizance was conditioned for the appearance of Dean "before the judge" of the circuit court of Warren county, on the 3d Monday in October, 1840, and the record does not show that the condition was not complied with. The court erred in rendering judgment of forfeiture, on default of Dean to appear before the circuit court of Warren county on the 12th day of November, 1840.

4. The condition of the recognizance shows that the circuit court of Warren county had no jurisdiction to inquire into the offense with which said Dean stood charged, (alleged to have been committed in Madison county,) and no other proceedings were had which gave such jurisdiction to the court.

5. The court erred in awarding execution against the bail, because the recognizance states that the amount acknowledged to be due is " now rendered," instead of *to be rendered* for the use of the state.

6. The final judgment against David Dean and Vannay on said *scire facias*, is a joint judgment for $1500, which is contrary to the tenor and meaning of the recognizance.

*Tupper* for the plaintiff in error.

The validity, form and effect of the recognizance, are the only points for the consideration of the court. Has the mayor power under the law, to take a recognizance for appearance before the circuit court? We think no such power exists. But if such power does exist, the recognizance was informal and valid. But the court erred in taking a forfeiture on the 12th of November, because the condition of Dean's recognizance required his appearance, not before the circuit court to be holden, etc., but before the judge of the court.

As to the 4th assignment of error, we contend that the circuit court of Warren county had no jurisdiction of an offense committed in Madison county. An offense must be tried in the county where committed, unless there be a change of *venue* as provided by statute. The condition of the recognizance, then, requiring the performance of an act contrary to law, was illegal and void.

The 6th error assigned, is also a valid objection to the judgment, to require its reversal. The judgment against the sureties is joint and for the sum of $1500, whereas they are each only bound for the sum of $750. If they are liable at all, it is certainly the individual and separate liability of each.

*J. D. Freeman*, attorney general.

The assignment of errors in the bill of exceptions is not well taken. The offense was larceny, and the defendant was, therefore, indictable in Warren county, where he was found with the money on his person, although the original taking was in Madison county. There is no error in the judgment, *nisi*, but it is submitted to the court, that the judgment final against the sureties should have been several, for seven hundred and fifty dollars, each, and not joint, for fitfeen hundred dollars.

THACHER, J. :

A judgment was awarded in the Warren county circuit court upon a *scire facias*, upon recognizance against David Dean and Joseph H. Vannay, sureties of Nathan J. Dean charged with larceny.

The first objection offered in the court below, as a reason to quash the recognizance and *scire facias*, is, that the mayor of Vicksburg is not authorized by law to take recognizances. The charter of that city, section 41, conferred in 1839, fully conveys that power in all "criminal and penal cases" conferred upon justices of the peace.

The next objection was taken to the phraseology of the recognizance which required the appearance of the party before "the judge" of the circuit court of Warren county, at the term next succeeding its date. No form of words is required for the validity, provided it contains the essential requisites of such an instrument. The recognizance in this respect was more than sufficient.

It was next objected, that the crime is alleged in the recognizance to have been committed in Madison county of which the circuit court of Warren county had no jurisdiction. It is very true, that to legally convict the defendant in one county, when the original taking is proved to have been in another, it must be shown that the accused carried the property stolen into the county where he is indicted ; because, in contemplation of law, he is guilty of, not only a carrying away, but also a taking in every county through or into which the goods have been carried by him. 1 Hale, 507 ; 1 Hawk., ch. 33, sec. 52. But whether this was so or not, is immaterial to the validity of the recognizance. The statute makes it the duty of those authorised to act in such cases, to issue their warrant for the arrest of such persons as are charged on oath of having committed a felony, crime, or misdemeanor ; and where the offense is bailable, to take the recognizance of the deceased, with sufficient security, to appear when and where, etc., to answer the same. The record shows all these preliminaries to the recognizance sufficiently.

The last error assigned is that the judgment on the *scire*

*facias* is a joint judgment against the said David Dean and Joseph H. Vannay, for the sum of fifteen hundred dollars, while their obligation in the recognizance was not joint but several, each for the sum of seven hundred and fifty dollars. Upon inspection of the record this objection seems to be well taken.

The judgment of the circuit court of Warren county is, therefore, reversed, and, as this is a case calling upon this court to pronounce the judgment, which the court below should have done, it is directed by this court that judgment be entered up severally against the said David Dean and Joseph H. Vannay, each for the sum of seven hundred and fifty dollars, and costs.

On the 20th January, 1844, after the foregoing opinion was delivered, the counsel for Dean filed his petition for a re-hearing, based upon the affidavit of the counsel, who stated that to the best of his knowledge and belief, the defendant, N. J. Dean died in the city of New Orleans in the year 1841. This belief rests upon the facts, that in 1841, Daniel W. Dean, brother of said N. J. Dean, returned from New Orleans to Madison county, his former place of residence, and reported the death, by yellow fever, during that year, of his said brother in New Orleans, and that he was with him at the time of his death, and the fact is generally believed in the community where he formerly resided. Whether his death occurred before or after the 10th May, 1841, affiant does not positively know.

The petition asks a re-hearing on the following grounds: When the cause was called on the first week of the term, the papers were in the hands of the attorney general, who, it was understood by petitioner, would prepare a brief to which petitioner might reply, if he chose so to do, and that the case should then be submitted. On this understanding, counsel for defendant returned home, and on his arrival here yesterday learned, for the first time, that the cause had been already submitted and decided. That said N. J. Dean, the principal of defendants, David Dean and J. H. Vannay, is now dead, and as counsel is informed and believes, died before the final judgment in this case was rendered, of which fact, however, they were unapprised, or it would have been suggested to this honorable court before the cause was submitted. The judgment of the court below was reversed;

no valid judgment then existed against Dean and Vannay, and if N. J. Dean was not dead at the rendition of the judgment by the court below, he was, undoubtedly, before the rendition of the judgment by this court.

Counsel for plaintiff in error respectfully again calls the attention of the court to the 4th error assigned, to wit : That the recognizance was illegal and void, because the cause for taking it, as therein set forth, the commission of an offense in Madison county, did not authorize the magistrate to require the prisoner to enter into a recognizance to appear at the circuit court of Warren county. 16 Mass. Rep., 447 ; 9 Mass. Rep., 520. If a recognizance is void, that it does not contain the cause for taking it, then, *a fortiori*, a recognizance setting forth a cause which does not authorize the taking of it is also void.

THACHER, J., overruling application for a re-argument :

This case comes up on a petition and motion for a re-hearing.

As a general rule we cannot regard, after the submission of a cause, any misunderstanding that may occur between counsel in reference to the agreement of submission. It does not seem that in this case any injury accrued to the plaintiff in error from a want of inspection of the attorney general's brief by his counsel. That brief submitted all the points with but little argument and no reference to authorities. The brief of the counsel for plaintiff in error brought all the points fully to the consideration of the court.

It is urged that, since judgment was rendered by this court, information of the death of the principal in the recognizance has come to the knowledge of counsel, and also that the death took place anterior to the final judgment in the court below. This is a fact concerning which we cannot inquire. This tribunal is strictly appellate, and our only inquiry can be whether the judgment below, as disclosed by the record, is correct. The judgment of the court below in this case was final, and the judgment of this court decreeing such judgment, as the court below should have pronounced, is a judgment *nunc pro tunc.*

A rehearing of argument upon the 4th error assigned, we imagine, would give us no cause for a change in our opinion.

A recognizance should always set forth a cause for which it was taken, but it does not require a specific description of the circumstances of the offense.   State v. Rye & Dunlap, 9 Yerger, 386.   If it shows a *corpus delicti* upon its face, it is sufficient. The recognizance in the case at bar gives a recital of the oath of him by virtue of which the warrant of arrest issued, and has reference, also, to previous proceedings before the magistrate, in his office of record.   It charges a larceny.   And the recognizance need not set forth the evidence nor the course of reasoning by which the magistrate arrived at his conclusion to require it. Though the original asportation was in Madison county, the removal of the accused, with the stolen goods into another county, would constitute a new taking in that county.   The case of the Commonwealth v. Daggett, 16 Mass. R., 446, shows a recognizance " to answer to such matters and things as should be objected against" the principal, and contained no reference "to any previous proceedings before the magistrate."   This was indefinite and bad.   The recognizance in the case at bar sets forth, it is true, the oath of complainant to a charge of larceny, in which the original taking was alleged to have occurred in Madison county; but it likewise refers to antecedent proceedings which authorized the taking of it, and an intelligible object for which it was entered into and the jurisdiction of the magistrate follows from the transitory nature of the offense charged.   Commonwealth v. Daggett, 9 Mass. R., 492.   We cannot but consider the recognizance valid.

*Motion overruled.*